**Thomas HART, Plaintiff-Appellant-Appellee,**

v.

**LOCAL UNION 1292, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS, and the District Council of Nassau County, United Brotherhood of Carpenters and Joiners, Defendants-Appellees-Appellants.**

**Nos. 470, 622, Dockets 73-2173, 73-2063.**

United States Court of Appeals, Second Circuit.

Argued April 1, 1974.

Decided May 8, 1974.

Burton H. Hall, New York City, for plaintiff-appellant-appellee.

Samuel Harris Cohen, New York City (Delson & Gordon, New York City, on the brief), for defendants-appellees-appellants.

Before HAYS and OAKES, Circuit Judges, and CHRISTENSEN,* District Judge.

* Honorable A. Sherman Christensen, Senior Judge of the United States District Court of the District of Utah, sitting by designation.

PER CURIAM:

The facts in this case are fully set out in the opinion of the district court, which is reported at 341 F.Supp. 1266. Briefly, in December 1965, Thomas Hart was tried in a union disciplinary action by a trial committee of the District Council of Nassau County, United Brotherhood of Carpenters, on the charge that he threatened the life of the Local Union 1292 business representative. The committee found him guilty, and the District Council ordered him expelled from the union. Hart appealed to the General President of the Brotherhood, who reversed the District Council and ordered a new trial on the ground that there had been no stenographic record at the original trial. In June 1967, after failing to appear on due notice, Hart was tried in absentia and found guilty of the same charge. The District Council imposed fines totalling $200.

Hart brought an action under section 609 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 529 (1970). The district court awarded him damages for his injury resulting from the December 1965 disciplinary action. It dismissed his complaint as to the June 1967 proceeding. Hart appeals from the dismissal; the union appeals from the award of damages.

■ Hart's main point relates to section 57C of the constitution of the Brotherhood, which makes posting a $50 deposit a condition of appeal to the General President of the Brotherhood in cases imposing fines greater than $50. Hart concedes that he did not pay this deposit after the June 1967 trial. Under the terms of the Brotherhood constitution, his failure to make the required deposit resulted in his appeal to the General President not being perfected. Section 56A of the Brotherhood constitution requires that a member exhaust union appeals before "taking his case to the civil courts." The district court dismissed Hart's claim resulting from the 1967 proceeding because he did not exhaust union remedies. Hart's contention on this appeal is that the $50 deposit does not come within the meaning of the term "reasonable hearing procedures" as it is used in the first proviso to section 101(a)(4) of the LMRA, 29 U.S.C. § 411(a)(4) (1970), and that his failure to post the $50 deposit therefore cannot bar judicial relief.

■ The district court acted well within its discretion in holding that Hart had to post the deposit and exhaust the union appeal. The procedure provided by the union constitution is reasonable. Hart's successful pursuit of the intra-union appeal in 1965 makes it clear that resort to the union appeal was not futile, compare Farowitz v. Associated Musicians Local 802, 330 F.2d 999, 1002–1003 (2d Cir. 1964), and that the internal union remedy was neither uncertain nor unknown to him. Compare Detroy v. American Guild of Variety Artists, 286 F.2d 75, 81 (2d Cir.), cert. denied, 366 U.S. 929, 81 S.Ct. 1650, 6 L. Ed.2d 388 (1961).

There is no claim that Hart was indigent.

The Brotherhood may require members seeking to appeal from fines to post a reasonable deposit to prevent overloading the union appeals procedure with frivolous appeals.

We have examined the other contentions of Hart and the union and find them to be without merit.

The judgment and order of the district court is affirmed.